UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Earl T. Hamaas, | ) | C/A: 8:09-02778-MBS-BHH |
|---|---|---|
| Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| v. | ) | |
| | ) | |
| Social Security Administration; Richard L. Vogel, Administrative Law Judge; Kathryn Butterfield, Acting District Manager, | ) | |
| Defendants. | ) | |

Earl T. Hamaas (Plaintiff) files this appeal from a denial of certain social security benefits *pro se* and pursuant to 28 U.S.C. § 1915.[1] Under established local procedure in this judicial district, a careful review has been made of this *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.). This Court is required to liberally construe *pro se* documents, *Erikson v. Pardus,* 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal.

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1), and Local Rule 73.02(B)(2)(a), (e) D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

This complaint has been filed pursuant to 28 U.S.C. § 1915 which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

## BACKGROUND

It appears that Plaintiff brings this appeal as a result of a change in his Social Security disability benefits. Plaintiff states that he was mistakenly arrested and incarcerated in Florida in 2006. (Compl. at 3.) It is unclear whether this incarceration had an effect on Plaintiff's disability benefits because Plaintiff explains the process that he followed in an attempt to prove that "all other claims of incarcerations are false and plaintiff has provided legal documents of proof that the defendants continues (sic) to ignore." (Compl. at 3.) Nevertheless, Plaintiff states that he pursued an administrative remedy and indicates that the decision of the Administrative Law Judge (ALJ) based on a false claim of incarceration was issued on September 29, 2009. (Compl. at 3-4.) Plaintiff also claims that the ALJ's decision failed to address the issue of unexplained claims of overpayment.

## DISCUSSION

This appeal should be dismissed as premature because Plaintiff has failed to exhaust his administrative remedies. To obtain judicial review of a decision concerning Social Security benefits, the claimant must follow all of the prescribed administrative steps. 42 U.S.C. § 405(g). The administrative process to be followed when pursuing review of

an "initial determination" is found at 20 C.F.R. § 404.900.² It appears that Plaintiff's claim falls within the definition of an "initial determination" as provided for in 20 C.F.R. § 404.902 because Plaintiff brings this appeal as a result of the ALJ's decision issued September 29, 2009.

The Social Security Act provides that judicial review may be obtained by a civil action in federal district court by "[a]ny individual, after any final decision of the Commissioner of Social Security [has been] made after a hearing to which he was a party . . . . 42 U.S.C. § 405(g). But the Act does not define "final decision," instead leaving it to the Social Security Administration (SSA) to give meaning to that term through regulations. See 42 U.S.C. § 405(a); *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). Plaintiff has failed to pursue his "initial determination" through the administrative process in order to obtain a "final decision" appealable to this Court.

SSA regulations provide that a final decision is reached when the Appeals Council grants review of a claim and issues its decision as the Commissioner's final decision. However, if the Appeals Council denies the request for review, the ALJ's opinion then becomes the final decision. *See* 20 C.F.R. §§ 404.900(a)(4)-(5), 404.955, 404.981, 422.210(a) (1999). If Plaintiff fails to request review from the Council, there is no final

---

²The regulations governing the Social Security Administration's two disability programs are contained in different parts of Title 20 of the Code of Federal Regulations (C.F.R.). Part 404 applies to federal old-age, survivors, and disability insurance, and Part 416 applies to supplemental security income for the aged, blind, and disabled. It is unclear which disability benefits the Plaintiff is claiming. However, the relevant portions of the two sets of regulations are identical. Therefore, the citations in this report will be limited to those found in Part 404.

decision and, as a result, no judicial review by the federal court in most cases. *See* § 404.900(b); *Bowen v. City of New York*, 476 U.S. 467, 482-83(1986).

Plaintiff fails to indicate that he has sought review before the Appeals Council. To timely seek review before the Appeals Council, Plaintiff must file his request within 60 days from the date he received his "Notice of Decision" from the ALJ. 42 U.S.C. 405(b)(1). Again, if Plaintiff fails to timely seek review by the Appeals Council, the ALJ's decision is binding. *See* 20 C.F.R. § 404.955.

**RECOMMENDATION**

Accordingly, it is recommended that the District Judge dismiss the complaint in the above captioned case *without prejudice* and without issuance and service of process to allow Plaintiff to pursue his administrative remedies through the timely filing of a request for review by the Appeals Council.

s/Bruce Howe Hendricks
United States Magistrate Judge

November 10, 2009
Greenville, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).